# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA

ANTHONY BUTTITA, et al.

                Plaintiffs,

v.

DIRECTV, LLC, et al.

                Defendants.

Case No.:  3:14-cv-00566-MCR-EMT

## PARTIES' JOINT STATUS REPORT ON TRIAL PLANNING

Pursuant to the Court's order of September 28, 2017, the Parties hereby report as follows regarding the trial of the claims asserted in this case.

Counsel for the parties have conferred by telephone and email regarding how best to organize the trial of the claims asserted by Plaintiffs herein. After conferring, the parties agree that the claims in this case will be tried to a jury, but are not in agreement on how many separate trials are necessary. Accordingly, the parties provide the Court with their alternative positions below.

Given the divergent views on how best to organize the trials on these claims, the parties suggest that an in-person Rule 16 conference to discuss the options with counsel for the parties may be helpful to the Court.

**Plaintiffs' Proposal**

While Plaintiffs believe that the claims of all 25 plaintiffs could, potentially, be tried in a single proceeding, such a trial would necessarily be quite lengthy (approximately four full weeks). A single trial would have the benefit of ensuring that no witness from the Defendants ever had to be called more than one time. And a single trial would also ensure consistency in the judgment between the parties. However, as the Court knows from the summary judgment process, there are some structural differences in Plaintiffs' respective employment situations. Accordingly, Plaintiffs believe the best course forward is the bifurcate the trials.

Plaintiffs propose that two trials be conducted. To do this, Plaintiffs propose that the they be bifurcated into four sub-groups. The groups would be divided based on the individual Plaintiffs' employment situation. The first group would be comprised of the 8 Plaintiffs who worked only for entities contracted directly with DIRECTV. The second group of Plaintiffs would be comprised of the 11 technicians who worked only for entities who contracted through MasTec. The third group would be comprised of the 4 Plaintiffs who both worked for entities that contracted through DIRECTV as well as entities that contracted through MasTec. And the final group would be comprised of the 2 Plaintiffs who worked for MasTec as W-2 technicians and, as a result, are

in a somewhat different posture as the "employment" question that will be central to the other trials would not be central to their claims.[1] This proposal would group the Plaintiffs as follows:

| Group 1 | Group 2 | Group 3 | Group 4 |
|---|---|---|---|
| Dean Bourn | Paul Aschenbrener | Sefton Anderson | Gerry Beaumariage |
| Stephen Fulton | Chris Barnhart | Kyle Bain | Herbert Patterson |
| Walter Hamilton | Patrick Chilson | Anthony Buttita | |
| Joshua Holland | Brunzell Griffin | Ralph Ellis | |
| Jason Lewis | Joseph Hill | | |
| Raymond Orlando | John Leavell | | |
| Michael Picou | Chris Philbin | | |
| Freddy Ramirez | Anthony Talladino | | |
| | Brian Tinney | | |
| | Rohan Reid | | |
| | William Sestito | | |

By way of context, the first trial in related cases recently occurred in *Andersen v. DIRECTV*, Case No. 14-2307, pending in the District of Arizona. In that case, the court tried the claims of 5 plaintiffs, all of whom worked through the same subcontractor of DIRECTV. In that case, there were only three total subcontractors at issue in the claims of the 18 plaintiffs. Here, the 25 Plaintiffs worked through 20 different subcontractors and no more than 3 Plaintiffs

---

[1] Though one such Plaintiff, Gerry Beaumariage, does also have a claim for unpaid wages arising from his time working through a MasTec subcontractor named JCT.

3

worked through any one of the same subcontractor companies. So, the division employed by the Andersen court would not be as efficacious here. That said, the experience in Andersen is likely illustrative of the likely length of trial. There, the claims of 5 plaintiffs were tried over the course of seven trial days from the beginning of voir dire until the matter was given to the jury for deliberations. Based on this, Plaintiffs believe that their first proposed group, Group 1, could be tried in 10 trial days.

Defendants propose that each Plaintiffs' case should be tried separately. This approach is being taken in a group of cases pending in the Central District of California. There, the Court has scheduled 11 weeks of trial, dedicating one-week to each Plaintiff. Of course, utilizing that approach in this case would take the better part of six-months. As such, Plaintiffs submit that complete severance of the claims in this case for trial would be unduly burdensome on the Court and counsel.

Finally, the Court ordered a joint report on possible organization of the trials in this matter. *See* Order, Doc. 192 at 103–04. For their part below, Defendants have provided something more akin to a formal motion for severance with citations to various legal authorities. So, Plaintiffs will briefly address Defendants' points.

In short, Defendants make much of the fact that these claims arise from previously decertified FLSA collective actions. Accordingly, so their argument goes, each case must be determined on an individual basis; that is, not on representative evidence as would be found in a certified class or collective action. But representative evidence is not the same thing as common evidence. As the Court noted in its Order denying summary judgment, "There is overlap in the factual and legal issues, which allowed these claims to be filed together in the first instance, and the Plaintiffs thus appropriately consolidated their response while also providing detail as to each Plaintiff's claims." Order (Doc. 192) at 3, n.4. And as one district court has noted, "there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit…" *Randolph v. PowerComm Const., Inc.*, 309 F.R.D. 349, 361 (D. Md. 2015). At the trial stage, Plaintiffs believe there is sufficient commonly applicable evidence to justify the organization they have suggested.

Plaintiffs' suggested trial plan is based on the Plaintiffs' relationship with the Defendants. Defendants' suggested plan is based on Plaintiffs' relationships with non-party subcontracting companies. As the Court also noted, the fact that the subcontracting companies are not defendants does not make a difference in the legal analysis under the FLSA. *See* Order (Doc. 192) at


61, n.46. Accordingly, Plaintiffs' respectfully submit that the Court's organization of the trials in this case should not be driven by a factor that is ultimately a distinction without a difference.

## Defendants' Proposal

### A. Plaintiffs' Claims Should Be Adjudicated Individually

Defendants DIRECTV, LLC ("DIRECTV") and MasTec North America, Inc. (together, "Defendants") hereby submit their position concerning the "advisability of bifurcating this case into separate trials" as required by this Court's September 28 Order, Dkt. No. 192. Defendants believe that each Plaintiff's claims should be adjudicated in his own trial so that the details of his individual work experiences can be individually assessed.

This action was brought on October 20, 2014 by 28 separate individuals who were independent contractors for numerous separate companies ("Contracting Companies") in different geographic areas, across varying time periods.[2]  Many of the Plaintiffs previously attempted to join purported collective actions against DIRECTV but were told by those courts that their claims required individualized determinations and were not suitable for

---

[2] Since the inception of this lawsuit, the claims of three of the 28 Plaintiffs have been dismissed.  The Court dismissed the claims of Plaintiffs Charles Kent and Christopher Lucio pursuant to the parties' stipulation and granted judgment to as to the entirety of Gerald Mickalowski's claims.  Accordingly, there are currently twenty-five (25) Plaintiffs with active claims in this matter.

6

representative litigation. That principle holds true in this case as well.

This is a wage and hour case under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Plaintiffs Bourn, Fulton, Hamilton, Holland, Lewis, Orlando, Philbin, Picou, Ramirez and Sestito assert their claims against DIRECTV only, while Plaintiffs Anderson, Aschenbrener, Barnhart, Bain, Beaumariage, Buttita, Chilson, Ellis, Griffin, Hill, Leavell, Patterson, Reid, Talladino and Tinney assert their claims against both MasTec and DIRECTV. Plaintiffs allege that Defendants violated the FLSA by failing to pay overtime compensation for hours worked in excess of forty (40) in a work week.

In general, to prevail on their claims, each Plaintiff must prove, among other things, the following: that he was an employee, rather than an independent contractor; that he was jointly employed by Defendants; that he, himself, performed overtime work; that Defendants knew or should have known of his alleged unpaid overtime work; and the nature and extent of any purported overtime work. Plaintiffs must also overcome Defendants' affirmative defenses, including that certain Plaintiffs were exempt from the FLSA's overtime requirements. Plaintiffs may not rely on representative evidence to prove the elements of their claims, just as Defendants may not rely on representative evidence to prove its defenses.

Indeed, the relevant evidence as to each Plaintiff is distinct in this matter, including which Contracting Company each Plaintiff worked for, when and how they performed their work, who they reported to and how often, the work they reported, how they were paid, and how much they were paid. If the claims of all remaining 25 Plaintiffs proceed in one or two trials, the risk of jury confusion is nearly certain, as the jury would be asked to keep separate the many important details which differentiate Plaintiffs' work experiences, and would have to determine the outcome of Plaintiffs' claims on an individual basis.

**B.   The History of Plaintiffs' Claims Shows They Must Not Be Tried Together**

For many years, Plaintiffs' counsel has sought to consolidate similar claims against DIRECTV without naming as defendants any of the Contracting Companies for which they actually worked and were paid, and courts have routinely held that these claims cannot and should not be tried together. *See Lang, et al. v. DIRECTV, Inc.*, No. 10-1085, (E.D. La. 2010) ("*Lang*"), Dkt. No. 467, at 1-2; *Acfalle, et al. v. DIRECTV, Inc., et al.*, No. CV-13-0818 (C.D. Cal. 2013) ("*Acfalle*"), Dkt. No. 71, at 9; *In Re: DIRECTV, Inc. Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, MDL Case No. 2954, Dkt. No. 51. Similarly, even Plaintiffs' counsel have all acknowledged that the types of

8

claims asserted in this case should be tried ***individually***.[3]  This all makes perfect sense given the individualized inquiry necessary to resolve each individual Plaintiff's claims and the jury confusion that would result from a single trial of 25 individuals in positions which, on their surface and to the unpracticed observer, are very similar, but the unique details of which are absolutely critical to liability determinations.

## C. Brief Overview Of The Critical Factual Differences Between The Plaintiffs' Cases

The facts that underlie each Plaintiff's claims vary significantly.  Indeed, each of the Contracting Companies involved in this action operated independently of one another, resulting in varied working circumstances for each Plaintiff depending on which Contracting Company he was working with.

---

[3] In *Arnold*, Plaintiffs' counsel explicitly recognized that *the claims of technicians engaged by subcontractors must be tried individually*.  Plaintiffs' counsel advised the *Arnold* court in a proposed case management plan that they reviewed "hundreds of questionnaire responses [from opt-ins] with an eye toward identifying which of the opt-in plaintiffs are suitable for collective treatment and *which are better suited for individual determination of their claims.*"  *Arnold v. DIRECTV, et al.*, No. 10-0352-JAR (E.D. Mo. 2010) ("*Arnold*"), Dkt. No. 200, at p. 1 (emphasis added).  Plaintiffs' counsel proposed the creation of five subclasses consisting only of W-2 employees of DIRECTV or of a HSP company to DIRECTV, and to decertify those who were independent contractors, like the Plaintiffs in this case.  Plaintiffs' counsel represented to the District Court that this would "effectively eliminate[] the so-called '*Lang* problem,' *i.e.*, the difficulties involved with securing common sources of proof for technicians who were paid through a decentralized group of subcontracting entities." *Id.*, at p. 3.

9

As set forth in Defendants' Motions for Summary Judgment, each Plaintiff has a unique story regarding the beginning and ending of his engagement with each Contracting Company, as well as multiple different engagements in some cases – facts which will impact the analysis related to both independent contractor status and joint employment.

Plaintiffs each also had their own individual working conditions, including operating their own companies, performing work for multiple entities, performing work orders as part of a team of technicians, performing work orders under other technician numbers, etc.  In addition, some Plaintiffs held varying positions with their respective Contracting Companies, resulting in unique duties or pay structures/incentives.  In terms of geographic scope, Plaintiffs completed work orders at customer locations throughout the entire state of Florida, as well as parts of Alabama.  Further, some Plaintiffs only performed work orders within in one geographic "service area" and other Plaintiffs performed work orders in multiple "service areas."

Here, a jury will be required to consider multiple legal tests to evaluate Plaintiffs' claims, and there are multiple factual differences for each Plaintiff that could be dispositive of those claims.   It is simply too much to ask for a single jury to keep all of these facts straight and segregated in order to make the requisite individual determinations for 25 different Plaintiffs.  Any

attempt to adjudicate Plaintiffs' claims in a single trial will undoubtedly result in confusion and disarray in the context of this litigation would almost certainly lead to the parties' rights being infringed.

### D. Separate Trials Will Avoid Jury Confusion And Prejudice To The Parties

Because Plaintiffs worked for numerous different subcontractors with varied working conditions and circumstances, in different locations, and at different times, Plaintiffs' claims do not arise from the same transaction or occurrence, and joinder of these claims is improper. *See Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 263-64 (D. Conn. 2012) (citing *U.S. v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979) (severing FLSA misclassification claims where they required separate analyses despite arising under the same statutory framework); *Anderson v. NVR, Inc.*, 300 F.R.D. 116, 118-119 (W.D.N.Y. 2014) (severing FLSA misclassification claims "because the ultimate questions in the case will have to be determined separately for each plaintiff"). In fact, in a similar action filed by the same Plaintiffs' counsel, the district court upon considering DIRECTV's motion to sever the individual FLSA claims of 17 satellite technician plaintiffs ordered that "Counsel are to either agree to bifurcation of the trial without severance [jury trial as to liability and bench trial as to damages], agree to a different composition of groupings of Plaintiffs

or proceed with Defendant's suggestion of Plaintiff groupings." *Andersen, et al. v. DIRECTV*, LLC ("*Andersen*"), C.A. No. 2:14-cv-02307-SRB (D. AZ.), Dkt. No. 159.[4]

Here, it would be confusing and prejudicial to try Plaintiffs' divergent claims together in front of a single jury. This court has discretion to sever claims where the presentation of individualized evidence pertaining to multiple plaintiffs could result in jury confusion. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (affirming severance of ten plaintiffs' age discrimination claims based on overriding concerns of fundamental fairness and the "danger of jury confusion"); *Anderson v. NVR, Inc.*, 300 F.R.D. 116, 118 (W.D.N.Y. 2014) (severing FLSA misclassification claims "because the ultimate questions in the case will have to be determined separately for each plaintiff, remembering and assessing important factual discrepancies between…different persons in a single trial poses a significant danger of jury confusion"); *Costello*, 888 F. Supp. 2d at 266 (severing FLSA misclassification claims because the presentation of evidence on multiple plaintiffs would confuse a jury).

---

[4] The trial in *Andersen* began on October 10, 2017, with the first group of five (5) Plaintiffs and concluded on October 19, 2017, after seven (7) days of trial from the beginning of voir dire until the matter was given to the jury for deliberation.

Allowing Plaintiffs to assert their respective claims in one or two proceedings despite the differences between them would result in unnecessary jury confusion and prejudice to Defendants. A main threshold issue in this case is whether each Plaintiff was properly characterized as an independent contractor, which will require a jury to evaluate multiple factors specific to each Plaintiff. Even if Plaintiffs can show separately that they were employees rather than independent contractors, they must also demonstrate that they were each jointly employed by MasTec and/or DIRECTV. This Court has already concluded that this is a fact specific analysis; a factual analysis that varies amongst the 25 individual Plaintiffs in this action. It would an impossible task to keep the facts straight as to the Contracting Companies and 25 Plaintiffs, as well as the additional joint employment factors as each of the two separate Defendants. All of the foregoing must be addressed before the jury could even begin to consider the threshold liability questions of whether each Plaintiff worked uncompensated overtime and whether MasTec and/or DIRECTV had actual or constructive knowledge of the same. A proposed trial over many weeks addressing each of these issues as they apply to numerous Plaintiffs with varying factual circumstances is simply asking too much of the same jury.

Furthermore, the hardship to Plaintiffs if the claims are severed is

negligible. Plaintiffs are represented by the same counsel, so all have "benefit[ted] from common discovery" and counsel's coordination of the litigation of their claims to this point. But, in the interests of fairness and justice, it is now time to separate them. *See Coleman*, 232 F.3d at 1297. Any additional cost or inconvenience of separate trials is justified. As the *Acfalle* court noted, "it may be that separate trials would require some subset of witnesses to testify multiple times, *but that is a small price to pay for a fair trial.*" *Acfalle*, Dkt. No. 101, p.3 (emphasis added).

In sum, Defendants request that the Court sever each Plaintiff's claims for individual two-day jury trials so that the details of his individual work experiences can be individually assessed. In the alternative, Defendants recognize that this request poses significant logistical challenges for the Court. Accordingly, if the Court denies Defendants' request for individual trials, Defendants propose that Plaintiffs be grouped for trial based on the Contracting Company and service areas where Plaintiffs completed work orders and such trials allocate approximately two trial days per Plaintiff.

The proposed alternative approach would ensure that at least for the majority of each Plaintiff's claims period, the jury will be presented with some related facts regarding the relevant Contracting Company and service area,

which is in the interest of efficiency and judicial economy.[5] As a jury must consider each Plaintiff's claims separately, this approach would help mitigate some of the confusion that is certain by trying all Plaintiffs together. The following chart presents Defendants proposed seven (7) litigation groupings by Contracting Companies and service areas:

| Plaintiff | Defendants | Service Area(s) | Subcontractors | Litigation Group |
|---|---|---|---|---|
| Chilson, Patrick | DIRECTV, MasTec | FL27 | JRB Communications | 1 |
| Leavell, John | DIRECTV, MasTec | FL26, FL27, FL32 | JRB Communications | 1 |
| Reid, Rohan | DIRECTV, MasTec | FL26, FL32 | CNN Enterprises | 1 |
| Talladino, Anthony | DIRECTV, MasTec | FL10, FL11, FL20, FL22, FL23, FL45 | Millennium Communications, Signal Masters | 2 |
| Griffin, Brunzell | DIRECTV, MasTec | FL10 | JCT Digital Solutions Inc., Signal Masters LLC | 2 |
| Philbin, Christopher | DIRECTV | FL10 | Halo Communications, Gustech Communications | 2 |
| Barnhart, Christopher | DIRECTV, MasTec | FL26, GA07 | Gustech Communications, Smart Circle, Halo Communications, Digital Satellite Inc. | 2 |
| Hill, Joe | DIRECTV, MasTec | FL10, FL11, FL24 | Gustech Communications, Sunshine Comm., Halo Communications | 2 |

---

[5] For judicial economy, Defendants proposed alternative subgrouping for trial is organized by both Contracting Companies and service area. Plaintiffs mistakenly contend that the proposed subgrouping is based solely on the underlying Contracting Companies; however, Defendants' proposal also considers the geographic area where the work was performed. Thus, Defendants' proposed subgrouping takes into consideration the overlap of Plaintiffs and potential management employees from Defendants' respective companies.

| Plaintiff | Defendants | Service Area(s) | Subcontractors | Litigation Group |
|---|---|---|---|---|
| Buttita, Anthony | DIRECTV, MasTec | AL31, FL23 | Signal Masters | 3 |
| Tinney, Brian | DIRECTV, MasTec | FL10, FL23 | Signal Masters, Pakam 47, Inc. | 3 |
| Aschenbrener, Paul | DIRECTV, MasTec | FL20, FL22, FL23, FL24 | Pakam 47, Inc. | 3 |
| Sestito, William | DIRECTV | FL21, FL45 | North Central FL Telecommunications | 3 |
| Anderson, Sefton | DIRECTV, MasTec | AL02, AL04, AL35, GA02, GA04, FL25, FL27 | Modern Day Satellite, Elite Communications, Startech Communications, TMM Satellite Inc., Poteat Enterprise, Inc., Cabling Innovations LLC | 3 |
| Picou, Michael | DIRECTV | AL30, AL31 | HD Experts | 4 |
| Holland, Josh | DIRECTV | AZ21, OK01, OK02, OK04, OK10, OK13 | HD Experts, Synergy 3 Tech Services | 4 |
| Ellis, Ralph | DIRECTV, MasTec | FL29, TN10 | HD Experts, Gustech Communications | 4 |
| Bourn, Dean | DIRECTV | FL05, FL06, MO02, MO19 | Tomcor LLC, Satellite Connection | 4 |
| Hamilton, Walter | DIRECTV | AL30, AL31 | Ameritec | 5 |
| Fulton, Stephen | DIRECTV | AL30, AL31 | Ameritec | 5 |
| Orlando, Raymond | DIRECTV | AL30, AL31 | Ameritec, Audwire, Gross & McCoy Inc. | 5 |
| Ramirez, Freddy | DIRECTV | AL31, FL01, FL02 | Coastal Communications | 5 |
| Bain, Kyle | DIRECTV, MasTec | AL30, AL31 | 7-Fold Technologies, Synergy, Freedom Comm. LLC, R&C Tech, LLC | 5 |
| Lewis, Jason | DIRECTV | AL30, AL31 | 7-Fold Technologies, Synergy 3 Tech Services | 5 |
| Beaumariage, Gerry | DIRECTV, MasTec | FL25, FL28, FL29, NC20 | JCT Digital Solutions, MasTec W-2 Employee | 6 |

16

| Plaintiff | Defendants | Service Area(s) | Subcontractors | Litigation Group |
|---|---|---|---|---|
| Patterson, Herbert, Jr. | DIRECTV, MasTec | FL10, FL11, GA02, GA04, GA07, GA40 | MasTec W-2 Employee | 7 |

In conclusion, for the reasons set forth above, Defendants respectfully request that the Court sever Plaintiffs' claims for trial or, in the alternative, that it split Plaintiffs into logical subgroupings for trial that will help to minimize confusion to the jury and procedural unfairness to the parties.

Dated: October 19, 2017

**LEAR WERTS LLP**

/s/ Todd C. Werts
Todd C. Werts, *Pro Hac Vice*
2003 W. Broadway, Ste. 107
Columbia, Missouri 65203
Telephone: 573-875-1991
Facsimile: 573-875-1985
Email: werts@learwerts.com


George A. Hanson, *Pro Hac Vice*
Crystal R. Cook, *Pro Hac Vice*
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: 816-714-7100
Facsimile:  816-714-7101
Email: hanson@stuevesiegel.com
Email: cook@stuevesiegel.com

ATTORNEYS FOR PLAINTIFFS

Respectfully Submitted,

**REED SMITH LLP**

/s/ Christina T. Tellado
Thomas E. Hill, *Pro Hac Vice*
Christina T. Tellado, *Pro Hac Vice*
355 South Grand Avenue
Suite 2800
Los Angeles, CA 90071-1514
Telephone: 213-457-8000
Facsimile: 213-457-8080
Email: thill@reedsmith.com
Email: ctellado@reedsmith.com

ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served on all attorneys of record via the Court's electronic case filing system on October 19, 2017.

/s/ Todd C. Werts
Attorney for Plaintiffs